May it please the Court, I am Thomas Tisdell, and I am here on behalf of Bishop Charles G. vonRosenberg, Bishop of the Episcopal Church in the Diocese of South Carolina. We are here appealing from an abstention order by the District Court from a petition for an injunction to prevent his predecessor, the plaintiff's predecessor, Bishop Mark Lawrence, represented by other people here, from calling himself and falsely advertising himself as the Bishop of the Diocese of South Carolina of the Episcopal Church. This action was brought under the Lanham Act, Section 15 U.S.C. 1125A. The District Court, the central issue in this case is whether the District Court properly abstained in favor of a State Court action that was pending, and in doing so, whether the District Court abused its discretion in so doing. It is noteworthy, I think, that the District Court said it was clear that the plaintiff, Bishop vonRosenberg, had standing to bring the action and went into great detail in his order to establish that. But we think there are two serious errors of law made here. One is applying the wrong standard for abstention in favor of the State Court, and the other is finding that the actions in the Federal Court and in the State Court were parallel because they are not. Well, if Colorado River abstention was applied, as I think you think it should have been... We do. The result would not necessarily have been your way, isn't that correct? The what? The court could still have come to the same conclusion. It still could have abstained, but it didn't make that analysis here. I know you'd be arguing that they couldn't, that there'd only be one way, but the other side would have an argument that even under Colorado River, there should be abstention. It would strain... Well, I understand what you're arguing. ...reality. But it doesn't resolve the case. It doesn't resolve the case altogether, but it does strain the reasoning, particularly when applying the decision of this case, of this court, in the Chase-Brexton case in 2005. This court went to great lengths in that case to say that there are cases that abstention is proper, but they are very, very rare, and in line with Colorado River, says it can only happen in extraordinary circumstances and on the clearest justification. And I submit, Your Honor, that that circumstances certainly do not... Well, you can submit that all you want to the district court, but that's not the issue before us right now. The issue before this court, which has the obligation, I think, to look at this de novo, is to decide whether the action, number one, is parallel. And we submit that there's no evidence that it is there. Well, isn't that so wrapped up in the question of what standard you look at in determining preemption, that that's really the question before us? Well, Your Honor, that is correct. But when looking at all of the circumstances, it's hard to understand how the cases could be parallel when neither of these parties are parties in the lower court case. And in addition to that, we attempted to make Bishop Lawrence, the former bishop, a party in that case and were denied. In addition to that, as this court pointed out in 1944 in the Purcell v. Summers case, the purpose of the actions are different. This action is to obtain an injunction for a violation of a federal statute. The case in the state court is for the purpose of essentially determining property issues and who owns what. And so we think that under any circumstances, almost under any circumstances, Your Honor, these actions cannot be deemed to be parallel. Now, what Chase Brexton says, if it looks like they might be parallel, there are six factors. The issue with regard to Chase Brexton's pronunciation, it seems, at least from the inception, the court seemed to have made it clear that if it's simply declaratory judgment, that's not enough. You have to have something else. And so you need something in addition. You must be asking for something other than declaratory judgment. We are not asking for declaratory judgment. So you are seeking what? An injunction under the Lanham Act. And this injunction, that's contrary to the injunction, or at least the preliminary injunction the state court gave. That would be perhaps conflicted. And so which? It does not matter, Your Honor. I appreciate your question. But the law of the United States says that if one falsely advertises, that person is liable under 1125A of the Lanham Act. And it doesn't matter what any other court says one way or the other about it. If it's a violation of the Lanham Act, it's a violation of the Lanham Act, and the federal court is not obligated to yield to another court to establish justice. And that's what is happening here. Well, ultimately, it seems as though the district court here, I think they held that that is not resolved by the state court. We will take up. But in the state court case, I don't know where it is. Seems like to me it ought to have been over by now. It may be nearing over. But once that's over, then it just seems like rather than have this piecemeal way of doing it, we would allow the state court to do what it needs to do. And that portion that's not decided by the state court would then come in this direction. Your Honor, I would hope that that case would be concluded in my lifetime. But where it is, is the case has been tried, no order has been rendered. Two years out of three on a Lanham Act, statute of limitations under South Carolina law, applying that to the Lanham Act, as the cases say to do. We are two-thirds through, and we haven't even got an order from the lower court. So I think we are, as some of the cases say, we are out of court on our request for relief under a federal statute. That is where we are. And in my judgment, based upon my experience, it's doubtful that we are going to be able to proceed in the federal court again within the statute of limitations, even if this issue was before the lower court, which it is not. Because the parties, we have been foreclosed. After having tried to make the defendant, in this case, the party in the state court for this purpose, we've been denied. So we, justice is being thwarted by this abstention order. And that is what we are here trying to address, simply to have the right in a federal court, in a proper action, to decide on the merits. But we think you should give us a preliminary injunction, as a matter of fact. But to decide on the merits, whether or not we should be granted a permanent injunction to stop a violation of federal law. Because our client is being damaged every single day by the false advertising of his predecessor, who has been removed from the Episcopal Church after renouncing his... So you didn't allege a Lanham Act claim before the state court? The cases were filed the same day. And that is one of the six factors in the Chase-Brexton case, that which action proceeded first. And we don't have a claim against the parties in the state court. We want to bring an injunction, we brought an injunction action against the person perpetrating the false advertising. But one of the six factors in the Chase-Brexton case is, which action is ahead? The answer is, both were filed the same day. So we think, under the law, we're clearly entitled to have a preliminary injunction and a trial on the merits as to whether we're entitled to a permanent injunction. Now, as I said earlier, there are two areas of law. One is, it would be hard and difficult to conclude that the actions are parallel. And it's pretty clear that the judge used the wrong standard. He based his decision, far extension, on a 1942 case, I think it is, called Brillhart, which was an insurance case, a diversity case, and certainly supplanted, in this court at least, by the Chase-Brexton case and the Colorado River Conservation District. So you don't, if we agree that the wrong standard was applied, you're not asking us to apply that standard. I take it you want us to just send it back and ask the trial judge to apply the correct standard? Well, what we are asking for, Your Honor, is based upon the record in this case, which is substantial. And if you look at, what is on my mind, page 87 in the record, at your leisure, you will see what this false advertising is. Yes, but in direct answer to the judge's question, maybe it's your fallback position, but you want us to say what standard should be applied and to send it back to the district court for the district court to apply that standard. Your Honor, under the... I know you think we can apply it at the first instance, but if we don't think we can, then we send it back to the district court for application, correct? Your Honor, under the case of Eisenberg versus Montgomery County, no, we do not think you should send it back to determine the standard. Okay, that's your first position. If we think the district court applied the wrong standard and we think the district court makes that call, makes the first call on applying the standard, then you want us to send it back for the district court to apply the correct standard. Well, I want... No, if we think they've applied the wrong standard, we should just... And we don't think we should apply the standard, then what are we to do? Well, you have to do what you said just now. But under the Eisenberg versus Montgomery County case in this court, you have to look at this de novo. I understand, but if there are factual findings to be made, we don't make findings. And based upon the facts in this record, what we really want you to do is issue a preliminary injunction and send it back to the district court for trial on the merits of whether we're entitled to an injunction. Okay. I understand that position quite clearly, and what you're not saying to us, we are required to do that. You're saying that's something we could do, and you even think we should do it. That's... We're not required to do that. We very well could just send this back to the trial judge and says, okay, by the right standard. Correct, Your Honor. I agree. We would like it a little stronger, but I agree. So, one important case that has just come out June of last year, Palm Wonderful versus Coca-Cola is a Lanham Act case. And it stands for some important propositions that apply here. But it does go a little bit to the merits of whether we're entitled to an injunction. And it says just because you have approval, in that case, Coca-Cola had FDA approval to put out a self-drink. I suppose it was a self-drink. I think it was. But that doesn't give you any rights to falsely advertising, even though you have approval for it. And that would be the same case here. Bishop Mark Lawrence, former bishop, just because he has maybe a corporate certificate saying he has this corporation down in South Carolina that has a name that he wants to use does not mean, according to the Palm Wonderful case, that he can falsely advertise himself as the bishop of the Episcopal Church in South Carolina. So, Your Honor, in conclusion, I would say we would certainly want at least the case sent back to have a proper standard approved and the matter decided on a proper standard. But we think and urge that you do more than that to affect the Lanham Act and the rights that it bestows on citizens. Thank you very much. Thank you. Thank you. May it please the Court, my name is Alan Runyon and I represent Bishop Mark Lawrence together with Charles Williams in this matter. I'll start by saying there are three issues that I think cut across all of the issues that have been presented to the Court. The first is, as recognized by this Court in Dixon v. Edwards, the claims that Bishop von Rosenberg has are not personal to him. They are personal to the office. So he is making claims on behalf of an office that he says that he has. The issue that cuts to the heart of that is that there is a dispute as to who holds that office and that dispute is active in the state of South Carolina because there's a dispute over control of that entity and control will determine who is the bishop, in fact, of the entity. So to begin with, in order for him to prevail on clearly a federal claim, Lanham Act claims, he relies upon a determination that he is the bishop and that's premised in his complaint. That determination is in the state court and was a reason why the district, one of the reasons why the district judge exercised his discretion in that regard. That all may be true and that may be why it would be proper to abstain in this case in any event. So I guess I'm interested in the issue about whether the district court applied the correct abstention doctrine because if it didn't apply the correct abstention doctrine, as you've tried to make clear with your colleague, it does not necessarily mean that he wins, at least in my view, ultimately, that the court would not abstain but it is an error that should be corrected. So at your earliest convenience, maybe you can talk about what the appropriate abstention doctrine is here and why, in your view. Thank you, Your Honor, that convenience is right now. If you look at the pleadings that were made by Bishop von Rosenberg, the actual... Let me make sure we're at least focused in on where we need to go because I think we can go right to it. If it's just declaratory judgment, I think it seems to be some indication that then it's not Colorado River. But there's some other relief being sought here and Mr. Tisdale maintains that relief is an injunctive relief under the Langham Act, which has not been sought in the state court due to a claim against Bishop Lawrence. The problem, Your Honor, is, and the reason why it should be the declaratory judgment abstention is because the issue of whether this is an infringement, whether there's an infringement, which is what he asked for in the declaration, is tied to his allegation of false representation. He said false representations made through and in conjunction with those marks in his complaint. So what runs through both of these issues, which are tied together in parallel, is, is he the bishop? If he's the bishop, then there could be infringement by Bishop Lawrence. If he is the bishop,  but the advertising can't be false unless he is the bishop. You still aren't talking about the standard. And I thought my colleague set it up really well for you. We don't have just a claim for declaratory relief here where we would have one standard applying for abstention. We have a mixed bag here. And so what we're asking you is for guidance whether Colorado River would apply in that instance or the standard that the district court used for abstention. Well, first of all, I think the standard the district court used, and the reason is because it necessarily depends. A finding of false advertisement necessarily depends on a declaration that he is the bishop. And, and that, and that, or that Bishop Lawrence is not the bishop. So those two- But in reaching that conclusion, the district court applied the Brilhart-Wilson standard. Can we agree on that? Yes, Your Honor. Okay. And so it didn't apply Colorado River. Is, do you have precedent from any other circuit where there is a mixed claim where the court applied the Brilhart standard? Because I couldn't find one, and it's not that our sister circuits haven't addressed the issue. Well, I, I think I can't go any further than the district court went when the- I'm sorry, I couldn't- I cannot go any further on that issue than the district court went when the district court said that because the second claim, the injunctive claim, necessarily depends on the declaration that is asked for in the first claim, the declaration controls the outcome. Well, but it seems to me that that's an argument that you make once you determine what the correct abstention standard is. It's not an argument for choosing which abstention doctrine you're going to apply. Well, I don't want to, I don't want to beat this, Your Honor. Perhaps maybe I could just move on to Colorado River directly. Okay. But I actually really am, I'm sorry if I'm beating, I really am interested in trying to tease out why you would apply, why you think we should start some new rule about applying Brilhart here in a mixed complaint. But that's the character of the allegation that's been made. The allegation ties those two together. False representation because he used the marks. And using the marks, he's asked for a declaration, they were unauthorized. He's tied the two together. The second one he's made contingent on the first one, which is a declaratory judgment issue. At least that's the way I see the district court viewed the issue. First of all, I'm just going to move straight  I do think that the court is correct. Meaning you are going to take the assumption that the wrong standard was, this is just for purposes of argument, wrong standards. So, but you still prevail on the Colorado River. I think we would prevail on the Colorado River. Is that what you're going to be arguing though? That's what we want to know. I am going to be arguing that. Right now. But I don't think that's the appropriate standard to apply. I understand. But that's the position you're going now, which we may not get to if we decide it's the wrong standard. So we will send it back to the district court and do it, which is what you heard that discussion earlier. You realize that could happen. Yes. You are proceeding under the belief that we have the discretion and might go to the Colorado River argument. I do not think you have. Let me back up just a minute. The district court never considered at all Colorado River. It didn't apply. It didn't do anything associated with it. So unless the outcome were certain, I don't think this court should or frankly has the authority to decide de novo that issue. And the outcome is not certain. The district court could go either way on the issue. Seems like you're agreeing what we said earlier, that if we find it's the wrong standard, then you say the remittance simply send it back. I do agree with that. Yes, Your Honor. And that we shouldn't delve into whether Colorado River holds one way or the other. That's correct, Your Honor. But you now want to argue that. No, I don't want to argue that. Okay. Perhaps if I could just summarize the big picture here as it relates to these issues. And this is really goes to the heart of why the state court should resolve this case first. We've had a three-week trial, over a thousand exhibits, 2,000 pages of testimony, 50-something witnesses. And the issue was, one of the issues, the control of the diocese. The issue was infringement of the very marks that are at issue here. And the court has taken that under advisement. Now that court is going to come down with a decision, hopefully soon, that will resolve that issue one way or the other. The problem with this complaint and the request of this court is that it's- Let me make sure I back up again. Are you again now assuming this is on the Colorado River and you're giving us a reason that why this still should stay in the state court? Because if we make the initial determination, this should be Colorado River, we don't go into this. No, I think this argument is why the district court was correct. That's correct. It's why he did not abuse his discretion. Not applying Colorado River. Under declaratory judgment. The outcome of that proceeding will do one of two things. It will either create a situation where the requested relief here is duplicative or contrary. One of the two. And part of the justification for this trial court's decision was that it's not only just this issue at stake, it's this issue plus other issues associated with this case that flow from the same decision control. And under the circumstances of this case, the fact that this case was filed first, which is not determinative, I realize that. Three months later, they filed his action. The district court found it was procedural fencing. That is, he could have resolved it in state court but he went to federal court instead in order to get a different result. The fact that he sought injunctive relief is directly contrary to injunctive relief which the Episcopal Church had consented to, at least preliminarily, in state court. All those factors led to the conclusion that the state court was better suited to resolve this and hence, he exercised his discretion which we do not believe he abused. Thank you, Your Honor. Thank you. Unless there are questions, I don't have anything to say in response to my colleague's argument. I guess we don't have any questions. Thank you very much. Thank you. We'll ask the clerk to adjourn court and then we'll come down and greet the lawyers. Thank you. This honorable court stands adjourned until tomorrow morning at 8.30. God save the United States and this honorable court.
judges: Diana Gribbon Motz, Roger L. Gregory, James A. Wynn, Jr.